FILED
OCT 15 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLEN RAINES, | * | CIV 11-4067-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER DISMISSING |
| vs. | * | COMPLAINT |
| | * | |
| STATE OF SOUTH DAKOTA, | * | |
| | * | |
| Defendant. | * | |

## I. INTRODUCTION

In 2007, Allen Raines ("Raines") was convicted following a jury trial of two counts of Grand Theft by Embezzlement of Property Received in Trust in violation of SDCL 22-30A-10 and 22-30A-17. Doc. 2-21. Raines's wife, Erlene, was convicted of one count of Grand Theft by Embezzlement of Property Received in Trust in violation of SDCL 22-30A-7 and 22-30A-17 during that same jury trial. Doc. 2-22. At the time Raines filed his Complaint, he was housed at the Yankton Minimum Unit in Yankton, South Dakota. Doc. 3 at 5. Raines stated that he expected to be released on parole before his original parole date, September 12, 2011, and it appears that he is no longer incarcerated. Doc. 3 at 6; Doc. 22 (providing an updated address that is not at a prison).

On May 18, 2011, Raines filed a Complaint, Doc. 1, and a Motion for Leave to Proceed in Forma Pauperis, Doc. 3. The Complaint was filed under Federal Rule of Civil Procedure 60, but Raines' allegations concern problems with his state court criminal proceedings. On July 11, 2011, this Court, through then-Chief Judge Karen E. Schreier, entered an Order, Doc. 8, requiring Raines to file a notice regarding whether he wished for this Court to reclassify his Complaint as one arising under 28 U.S.C. § 2254. Judge Schreier gave Raines one month to determine whether he agreed to reclassify his Complaint as a § 2254 petition and, if he failed to do so, then the Court

would dismiss the Complaint. Doc. 8. Raines failed to comply with the Court's order, choosing instead to file an interlocutory appeal with the United States Court of Appeals for the Eighth Circuit. Doc. 10. The Eighth Circuit remanded the case to this Court for the limited purpose of determining whether Raines was entitled to in forma pauperis status and calculating the requisite filing fees. Doc. 14.

On September 15, 2011, this Court granted Raines' Motion to Proceed in Forma Pauperis. Doc. 17. This Court gave Raines until September 30, 2011, to pay the $5 filing fee. The Eighth Circuit then dismissed the appeal for lack of jurisdiction. Doc. 18.

Raines did not pay the filing fee by September 30, 2011, nor did he give timely notice of his intention to reclassify his Complaint as a petition arising under § 2254. Although this Court could have dismissed his Complaint at that time, this Court provided Raines yet another opportunity to comply with this Court's previous orders by giving him an additional three weeks to determine whether he wished to reclassify his Complaint as a § 2254 petition. Doc. 21. Raines complied with that Order and provided notice that he wished to reclassify his Complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 22. Raines's wife, Erlene, provided notice the same day that she too wished "to change her original complaint to a[] habeas action" and she gave Raines her "permission . . . to submit the above complaint on her behalf." Doc. 23. Because this Court previously granted Raines in forma pauperis status to bring his Complaint, this Court now will address its claims.

## II. DISCUSSION

### A. Claims by Erlene Raines

This Court has previously stated that it will not consider Erlene Raines's claims:

2

> Erlene Raines did not sign the complaint, as required by Rule 11
> of the Federal Rules of Civil Procedure, if she were to proceed as
> a co-plaintiff. Accordingly this court will construct his complaint
> as asserting only claims on his behalf. Seeu Riley v. Crawford,
> No. 06-4267, 2007 WL 1110621 at * 1, n.1 (W.D. Mo. April 1,
> 2007).

Doc. 8. Because "[p]ro se litigants may not represent the interests of other parties," Litschewski v. Dooley, No. 11-4105-RAL, 2012 WL 3023249, at *1 n.1 (D.S.D. July 24, 2012) aff'd, 502 F. App'x 630 (8th Cir. 2013) (citing Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000)), this Court will considered only those claims asserted by Raines.

### C. Claims by Allen Raines

Raines alleges numerous statutory and constitutional violations resulting from errors during the pre-trial phase, his trial, and his sentencing. See Doc. 1.[1] The Complaint's Prayer for Relief requests that this Court "[d]eclare the Judgement of Convictions against the Plaintiffs as void[; ] Issue what writs that are appropriate and necessary to release the Plaintiffs from the unjust

---

[1] Raines's Complaint contains ten counts: Count I is entitled "False and Misrepresentation of Evidence" and relates to alleged lies by state officials at Raines's grand jury proceedings; Count II is entitled "Fugitives From Justice - Extradition" and alleges that Allen and Erlene Raines were improperly extradited from Ohio to South Dakota to face charges; Count III is entitled "Speedy Trial" and alleges that Allen Raines' right to speedy trial was violated; Count IV is entitled "Conflict of Interest" and it appears to allege some form of conflict of interest based on allegations that an attorney in the prosecutor's office at some time worked with an attorney employed by the trust Raines defrauded; Count V is entitled "Deposition" and it alleges a confrontation clause violation from a videotaped deposition of one of the Government's experts in which Raines and his attorney were present, but in which Raines personally was not allowed to cross-examine the expert; Count VI is entitled "Trial - Impartial Jury" and alleges that Raines was unable to present the witnesses that he wanted to present at trial; Count VII is entitled "Facts of Indictment" and it alleges that the facts giving rise to the indictment were "obtained by concealment of the evidence;" Count VIII is entitled "Double Jeopardy" and alleges that Raines's convictions were multiplicitous and should have been considered a single offense; Count IX is entitled "Sentencing - Illegal" and it again alleges the convictions were multiplicitous; and Count X is entitled "Want of Jurisdiction" and it alleges that the prosecution lied at the grand jury hearing and that Raines' speedy trial right was violated. Doc. 1 at 4-8.

3

prosecution[; ] Expunge all criminal records of Plaintiffs since it is the first time ever convicted of a crime[; ] Award what damages the court deems to be fair and just." Doc. 21 at 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) ("[T]he exhaustion doctrine [for federal habeas review] requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief."); Roubideaux v. Dooley, No. 10–5066, 2011 WL 165006, at *1 (D.S.D. Jan. 19, 2011) ("As a prerequisite to filing a § 2254 petition, the state courts must have the opportunity to hear federal constitutional claims and adjudicate those claims on the merits.") (citing Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Thus, "'a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." Clay v. Norris, 485 F.3d 1037, 1039 (8th Cir. 2007) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). The plaintiff bears the burden to establish exhaustion of state court remedies. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998); see also Cochrun v. Dooley, No. 08-4186, 2009 WL 367736, at *2 (D.S.D. Feb. 13, 2009).

Allen Raines has provided no evidence that he even appealed his conviction, let alone exhausted his state court habeas remedies. Simply put, the record is devoid of indicia that Raines sought any appellate relief of any form in South Dakota state courts. Raines filed as attachments to his Complaint multiple court documents, but he did not file any documents relating to an appeal. In fact, Raines states in an unsigned motion that he did not file an appeal, although he blames his failure to file an appeal on his attorney without submitting accompanying factual support for such a claim. Doc. 5. at 1. Raines has not met his burden to establish that he has exhausted his state court remedies and his Complaint is subject to dismissal.

### III.  CONCLUSION

Therefore, it is hereby

ORDERED that Plaintiff's Complaint, Doc. 1, is dismissed without prejudice.

Dated October 15th, 2013.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

5